## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RHEANNA D. SHAW,

                Plaintiff,

v.                                Case No. 04-2394-KHV-DJW

MANAGEMENT & TRAINING
CORPORATION d/b/a FLINT HILLS
JOBS CORPS CENTER,

                Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Compel (doc. 23).  More specifically, Defendant seeks an order compelling Plaintiff to sign an authorization that would allow Management & Training Corporation ("MTC") to obtain (1) employment records from employers for whom Plaintiff worked following the termination of her employment with MTC  and (2) application records from employers with whom Plaintiff applied for work after her employment ended with MTC.  Defendants also seek to recover the fees and costs they incurred in connection with filing this Motion to Compel.  For the reasons set forth below, the Court will deny the Motion.

**I.**      **Background**

Plaintiff was formerly employed with Management & Training Corporation.  Plaintiff claims that she was sexually harassed during her employment and that MTC terminated her employment in retaliation for her complaint of sexual harassment.  Plaintiff claims economic and other damages.

In conjunction with a Request for Production of Documents, Defendant presented an authorization

to be signed by Plaintiff for release of her employment records.  The authorization allows Management

MTC to obtain (1) employment records from employers for whom Plaintiff worked before and after the

termination of her employment with MTC  and (2) application records from employers with whom Plaintiff

applied for work after her employment ended with MTC.

Plaintiff has agreed to sign an authorization allowing MTC to obtain the records from employers

for whom she worked before employment began with MTC.  Plaintiff objects to signing an authorization

for application records from prospective employers, however, "because the discovery sought is not

reasonably calculated to [sic] the discovery of admissible evidence."[1]

Although, as the discussion below demonstrates, the Court finds the information sought is relevant

to the claims and defenses set forth in this lawsuit, the Court, *sua sponte*, will deny the motion on grounds

that there is no basis under Rule 34 to allow this Court to compel Plaintiff to sign the authorization as

requested.

**II.      Discussion**

**A.      Relevancy**

Defendant's motion to compel Plaintiff to execute an authorization for release of records is made

pursuant to Rule 34 of the Federal Rules of Civil Procedure.  The scope of discovery allowed under Rule

34 is provided for in Federal Rule of Civil Procedure 26(b)(1).

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding

any matter, not privileged, that is relevant to the claim or defense of any party. . . .  Relevant information

need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery

---

[1]Plaintiff's Suggestions in Opposition to Defendant's Motion to Compel, p. 1.

of admissible evidence."[2]   Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[3]  A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[4]  When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance, or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[5]

Plaintiff argues the employment records and application records originating after Plaintiff's employment was terminated are irrelevant and production of them is not calculated to lead to the discovery of admissible evidence.  The Court, however, is not persuaded by Plaintiff's argument.  Plaintiff claims economic damages in the form of front and back pay; thus, Plaintiff's efforts to mitigate her damages are squarely at issue.  The application records from prospective employers sought by Defendant accordingly are – on their face – relevant to both Plaintiff's claims and Defendant's defenses.  Moreover, Plaintiff has not shown she will suffer an potential harm if the referenced discovery is permitted.

### B.    Compelling a Party to Sign an Authorization Pursuant to Rule 34

Notwithstanding the conclusion that the documents sought are relevant to the claims and defenses

---

[2]Fed. R. Civ. Pro. 26(b)(1).

[3]*Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[4]*Id.*

[5]*Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003) (citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)).

here, the Court finds no basis within Rule 34 to compel a party signature. "The purpose of Rule 34 is to make relevant and nonprivileged documents and objects in the possession of one party available to the other."[6] The breadth of Rule 34 extends to all relevant documents, tangible things, and entry upon designated land or other property.[7] Rule 34 requires that the party upon whom the request is served must be in possession, custody, or control of the requested item.[8] Here, it appears the records are documents or tangible items as defined under Rule 34(a) and that Plaintiff does not have actual possession or custody of the records. Nevertheless, the Court must decide whether Plaintiff has "control" of the referenced records for purposes of Rule 34.

"[A] party need not have actual possession of documents to be deemed in control of them. A party that has a legal right to obtain certain documents is deemed to have control of the documents."[9] But "[t]he relationship between the party and the person or entity having actual possession of the document is central in each case."[10] Here, the relationship between Plaintiff and the prospective entities to which the authorizations will be sent is not sufficient to establish control at this juncture of the discovery process. Apparently, Defendant has not yet attempted to secure copies of the requested documents from the non-party custodian of the records via subpoena. The appropriate procedure to compel a non-party to produce

---

[6]8A C. Wright & A. Miller, Federal Practice and Procedure § 2202, at 356 (2d ed. 1994).

[7]*Id.* § 2206, at 381.

[8]*Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998) (citing *Neal v. Boulder*, 142 F.R.D. 325 (D. Colo. 1992)).

[9]*Id.*

[10]*Id.*

documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure.[11] It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders.

At this juncture, and under the specific circumstances presented, there is no basis under Rule 34 to allow this Court to compel Plaintiff to sign the release forms as requested.

### Sanctions

Defendant seeks to recover fees and expenses incurred in connection with this motion to compel. Fed.R.Civ.P. 37(a)(4)(C) provides that "the court may . . . apportion reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Upon review of the circumstances presented, and in the interest of justice, the Court hereby denies Defendant's request for sanctions.

Accordingly, it is hereby ordered that Defendant's Motion to Compel is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 9th day of February, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel

---

[11]*Id.*